ALLEN, DEMANDANTE Y APELADA, *v.* INTERNATIONAL EXPRESS CO., DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito sobre daños y perjuicios.

No. 2077.—Resuelto en Mayo 21, 1920.

NEGLIGENCIA—AUTOMOVILES DE SERVICIO PÚBLICO—DAÑOS Y PERJUICIOS.—El propietario de un vehículo de motor dedicado al negocio de transporte público será responsable de los daños causados por la negligencia del conductor, tanto· si dicho propietario está como si no está dentro del vehículo en el momento de inferirse el daño.

DEMANDA—DAÑOS Y PERJUICIOS—ESPECIFICACIÓN DE PARTICULARES—OBJECIONES TARDÍAS.—La alegación de que la demanda no fija detalladamente la compensación de las distintas clases de daños y perjuicios reclamados, es tardía cuando se presenta por primera vez en la Corte Suprema.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. Enrique Rincón.*

Abogado de la apelada: *Sr. Carlos Brunet.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

Alegaba la demanda presentada en este caso:

"Primero, que la demandante Grace D. Allen es vecina de Arecibo, P. R., y profesora de instrucción pública, y la demandada, The International Express Company of Porto Rico, es una asociación de servicio público residente en Puerto Rico, con oficinas en Ponce y San Juan y que hace negocios en la isla bajo el nombre de International Express Company of Porto Rico; segundo, que la demandada mencionada allá por el mes de julio del corriente año y actualmente hacía y hace negocios en Puerto Rico para la conducción de mercancías y pasajeros, mediante paga y en su ruta diaria entre San Juan y Ponce, por la carretera número uno conocida por el nombre de carretera central y usa en dicho negocio y para el transporte dichos vehículos de motor entre los que se encuentra el *truck* No. H. P. 82, propiedad de la compañía demandada; tercero, que el 24 de julio del corriente año la demandante celebró con la compañía

demandada un contrato de transporte por el cual dicha demandada se obligaba a transportar a la demandante de Aibonito a Ponce, en uno de sus vehículos de motor en consideración a la suma de un dollar que la demandante pagó a la compañía demandada, según billete de pasaje No. 7405, y en virtud de dicho contrato la demandante subió al *truck* No. H. P. 82, propiedad de la compañía demandada que en dicho día hacía el servicio entre Aibonito y Ponce guiado por el conductor Francisco Colón, placa No. 9379 empleado allí y entonces para conducir dicho automóvil por la demandada; cuarto, que después de la salida de Aibonito del vehículo pesado de motor No. H. P. 82, donde viajaba la demandante el conductor de dicho vehículo por dos o tres ocasiones tuvo que detenerse tratando de arreglar los frenos de dicho vehículo que no funcionaban regularmente y no estaban conservados en buenas condiciones por la compañía demandada; quinto, que el empleado de la compañía Francisco Colón, que en ese día conducía el *truck* de carga y pasajeros No. H. P. 82 sabiendo que los frenos de dicho *truck* no funcionaban bien, pues había tratado de repararlos por distintas ocasiones en la carretera durante el viaje, negligente y temerariamente, con desprecio de los intereses y vida de los pasajeros encomendados a su cuidado, lanzó dicho automóvil o vehículo pesado de motor H. P. 82 por la conocida y peligrosa cuesta conocida con el nombre de ''Asomante,'' entre Aibonito y Coamo, y que por lo pendiente y sinnúmero de curvas y precipicios a sus lados hace peligroso sus descensos; sexto, que lanzado el *truck* dicho en la forma alegada por la cuesta del Asomante, de la carretera central, debido al mal funcionamiento de los frenos y a la imprudencia temeraria del empleado de la demandada Francisco Colón que guiaba dicho automóvil y permitió que en esas condiciones bajara o descendiera por la cuesta dicha, dicho *truck* H. P. 82 adquirió una velocidad peligrosa y desusada no pudiendo el conductor dicho detener la marcha del automóvil, a pesar de los esfuerzos hechos debido al mal funcionamiento de los frenos, por lo que el conductor dicho, para poder detener el vehículo H. P. 82 lo lanzó sobre la cuneta del lado izquierdo de la carretera y contra el talud de la misma hacia el kilómetro 87 de la carretera No. uno, que en dicho sitio es alta y contiene algunos árboles; séptimo, que la demandante, que ocupaba el extremo izquierdo de un asiento de dicho carro y tenía a su derecha otros pasajeros, fué forzada contra el talud de la carretera al caer dicho carro en la cuneta, recibiendo la demandante como consecuencia de dicho choque del carro H. P. 82 ya dicho y el talud de la carretera,

allí, entonces, una herida contusa, en el codo de su brazo izquierdo, grave con pérdida de los tejidos blandos y tendones de la articulación radio cúbito humeral. Y asimismo sufrió como consecuencia de esta herida grandes sufrimientos mentales y físicos, ha tenido que ser asilada en el hospital San Lucas de Ponce donde está aún bajo tratamiento y ha tenido que sufrir una operación quirúrgica en dicho establecimiento, quedando mutilada de dicho brazo. Que asimismo la demandante no ha podido hacerse cargo de su escuela de inglés en el distrito de Arecibo, para la que estaba nombrada con un sueldo mensual de noventa dólares y no podrá atender a su trabajo por más de cinco o seis meses, manteniéndose la mayor parte de este tiempo en cama bajo tratamiento médico; octavo, que como consecuencia de la herida sufrida por la negligencia de la compañía demandada y de la temeridad manifiesta de su empleado, según se alega en esta demanda y con motivo de los hechos alegados en el apartado séptimo de la misma, la demandante ha sufrido daños y perjuicios materiales y graves ascendentes a tres mil dólares.''

La demandada interpone recurso de apelación contra la sentencia que la condena a satisfacer a la demandante la suma de mil dólares, sentencia que se funda en las siguientes conclusiones:

''La corte, como resultado de las admisiones hechas en la contestación y de la evidencia presentada, declara probados satisfactoriamente los hechos primero, segundo, tercero, cuarto, quinto y sexto de la demanda. Con respecto a lo alegado en los hechos séptimo y octavo de la demanda la corte declara haberse probado satisfactoriamente lo siguiente: que la demandante que ocupaba el extremo izquierdo de un asiento del carro en que viajaba y tenía a su derecha otros pasajeros, fué forzada contra el talud de la carretera al caer dicho carro en la cuneta, recibiendo la demandante como consecuencia del referido choque del carro con el talud de la carretera, una herida contusa en el codo de su brazo izquierdo de carácter grave con pérdida de los tejidos blandos y tendones de la articulación radio cúbito humeral; teniendo que sufrir una operación quirúrgica en el hospital ''San Lucas,'' de Ponce, en el que estuvo asilado alrededor de cuarenta días. Que según el dictamen pericial del doctor Riera López todavía el brazo izquierdo de la demandante no tiene sus movimientos completos. También se ha probado que la demandante, como consecuencia de la herida mencionada experimentó grandes sufrimientos mentales y físicos. También se ha probado sa-

tisfactoriamente que la demandante es profesora y era entonces de *high school* en Arecibo, P. R., con un sueldo de noventa dólares mensuales; que con motivo del accidente le descontaron de su sueldo cincuenta o sesenta dólares; que ha gastado más de 400 dólares con motivo del accidente en gastos de hospital, en gastos de la operación quirúrgica y en honorarios pagados por la misma al médico.''

Insiste la apelante en que:

''*Primero:* Erró la corte al declarar sin lugar la moción de reconsideración presentada por la demandada y apelante, de 4 de junio de 1919.

''*Segundo:* Erró la corte al estimar como resultado de la evidencia aportada al juicio que el accidente ocurrido se debiera a la culpa o negligencia de la demandada.

''*Tercero:* Erró la corte al conceder, sin especificación ni comprobación suficiente, la cantidad de mil dólares como indemnización por los daños sufridos por la demandante.''

En el primer señalamiento de error y para sostener la alegada falta de causa de acción, somete la apelante las dos proposiciones que siguen:

''1ª. Que el sentido y alcance del artículo 17 de la Ley para reglamentar el uso de vehículos de motor en Puerto Rico, aprobada en 13 de abril de 1916, deroga en absoluto las disposiciones del artículo 1803 en relación con el 1804 del Código Civil revisado cuando se trate de accidentes ocurridos a causa de culpa o negligencia de los que guían dichos vehículos de motor; pues aunque el Código Civil en los mencionados artículos hace responsables a las empresas por los daños que causen sus empleados, la nueva ley citada reglamentando el uso de dichos vehículos de motor hace una excepción de las reglas generales del Código que se refieren a ''empresas,'' y así tenemos que la ley sobre la cual estamos tratando, o sea la estatuída para reglamentar el uso de vehículos de motor en Puerto Rico, releva de toda responsabilidad al dueño de cualquier vehículo de motor por los daños causados a causa de la negligencia de su conductor o chauffeur, cuando dicho dueño no viajare en el vehículo.

''2ª. Que en la demanda no se fija detalladamente la compensación de las distintas clases de daños y perjuicios que se reclaman, sin lo cual no hay base para una indemnización por medio de una sentencia.''

En el caso de *Vélez* v. *Llavina*, 18 D. P. R. 656, la cuestión envuelta y resuelta en forma negativa por la mayoría de esta corte, aparece en la página 659, donde se dice lo siguiente:

"El dueño de un automóvil que no esté destinado a una empresa sino al servicio particular de su dueño ¿responde de la culpa o negligencia de su empleado como chauffeur?"

La opinión de la mayoría contiene el siguiente párrafo:

"Los tribunales no somos legisladores y sin embargo nos atribuiríamos esas funciones si hiciéramos responsable a personas a quienes la ley no impuso responsabilidad. Si es conveniente y necesario en vista de los inventos recientes y de las desgracias que causan que los dueños de automóviles u otros aparatos no destinados a empresas respondan también por sus empleados, es esta misión para nuestra Asamblea Legislativa y no para nosotros. Nos toca solamente aplicar la ley tal cual es y si su estricta aplicación descubre algo que la ley no ha previsto, servirá eso de saludable aviso a los legisladores."

La opinión disidente, al referirse a este aspecto del caso, hace la siguiente consideración:

"De darse al estatuto la interpretación que trata de darle el abogado del apelado, produciría un resultado manifiestamente injusto, que se ha sugerido que existe un defecto en la ley que debe ser corregido por la legislatura. Durante los 14 años que han transcurrido desde el cambio de soberanía de esta isla, este defecto jamás ha sido descubierto anteriormente. Es cierto que este defecto existe y ha existido en efecto desde la sentencia dictada en el día de ayer por este Tribunal. Pero es necesario que ahora se corrija esta falta de la ley mediante acción legislativa. Según mi más humilde opinión, esto hubiera sido completamente innecesario si se hiciera una interpretación debida de los estatutos que ya tenemos en nuestros libros."

El artículo 17 de la Ley para Reglamentar el Uso de Vehículos de Motor en Puerto Rico y para otros fines, aprobada en abril 13 de 1916, prescribe "que el dueño de cualquier vehículo de motor será responsable de los daños causados

por la negligencia del conductor o *chauffeur* mientras dicho dueño estuviere en el vehículo.''

Claramente que la intención de la Legislatura era subsanar en parte el defecto indicado en la opinión de la mayoría a que hemos hecho referencia, la existencia de cuyo defecto por lo menos después de la adopción de tal opinión por este tribunal, fué admitida aún por el juez disidente de dicha corte. La ley posterior, por tanto, meramente suple un defecto de la legislación anterior como ha sido interpretada por esta corte, o a lo sumo da mayor alcance al estatuto anterior a fin de incluir casos que en el de *Vélez* v. *Llavina* se resolvió que no fueron tenidos en cuenta por el estatuto original. Que la antigua y la nueva ley pueden subsistir conjuntamente sin que exista entre ellas el más mínimo conflicto o incompatibilidad, es por sí evidente y no existe ningún fundamento para sostener la teoría de una derogación tácita.

Sirve de contestación a la segunda proposición suscitada en el primer señalamiento el hecho de que la demandada no exigió una relación detallada de los daños y perjuicios antes del juicio, ni solicitó que se hiciera más específica la demanda, ni trató en alguna forma de promover la cuestión en la corte inferior. Se renunció, por tanto a la objeción y es ya demasiado tarde para formularla por primera vez en apelación.

Una lectura de la demanda envuelta en el caso de *Díaz* v. *San Juan Light and Transit Company*, 17 D. P. R. 69, a la luz del resultado obtenido en dicho caso, bastará para probar que esta corte no tuvo la intención de resolver que la omisión en una demanda de tal relación detallada de daños sería fatal de formularse excepción previa por falta de hechos suficientes para determinar una causa de acción. No se cita ninguna otra autoridad y el argumento se circunscribe a la proposición como ha sido enunciada. No es necesario por tanto extendernos más en discutir este aspecto del caso desde cualquier otro punto de vista.

El razonamiento que se hace en el segundo y tercer se-

ñalamientos se dirige enteramente al peso y suficiencia de la prueba. No se levanta ninguna cuestión acerca de la doctrina de *res ipsa loquitur* invocada por la corte inferior. Dentro de las circunstancias, no vemos que el juez sentenciador cometiera un error tan manifiesto al considerar la prueba que justifique la revocación de la sentencia.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.